REQUESTED BY: Harold Simpson, Chairman, Public Services Commission.
1. Are Public Service Commissioners required to maintain a residence in the district from which they were elected?
2. May Public Service Commissioners be reimbursed for travel in a private vehicle or be authorized the use of a state owned vehicle for travel to and from a residence maintained in the district from which they were elected in Lincoln, Nebraska?
3. Are Public Service Commissioners entitled to reimbursement for expenses when traveling on official business within the State of Nebraska?
1. Yes, but they are not required to physically reside within that district in order to maintain their residence within the district.
2. No, unless there is a specific item of commission business to be attended to requiring such travel.
3. Yes.
1. Under Article IV, section 20 of the Constitution of Nebraska Public Service Commissioners are required to be elected by districts. That section is silent, however, on any requirement of residence within the district. In the absence of the statutory requirement such residence would not be required. However, section 32-303, R.R.S. 1943, in part provides:
 ". . . All members shall be residents of the district from which they are elected. Removal from the district shall cause a vacancy in the office of public service commissioner for the unexpired term."
While a question might arise as to whether or not the Legislature may make additional qualifications for holding an office created by the Constitution in the case of the Public Service Commission, that question has already been answered. The Nebraska Supreme Court in State ex Rel. Quinn v.Marsh, 141 Neb. 436, 3 N.W.2d 892 (1942), held that since the Constitution was silent as to the qualifications for holding the office of Public Service Commissioner, the Legislature could prescribe additional qualifications including one relating to minimum ages. Thus, it is our opinion that the statute requiring residence in the district is constitutional and valid.
There remains, however, the question of what is meant by the term `residence.' Generally, the term `residence' can only be defined in context of the legislation within which it is used. In the use under section 32-303, R.R.S. 1943, it is our belief that residence is synonymous with domicile. Domicile is generally defined as being a legal relationship the individual has with a particular locality either because his home is there or it is because it is assigned to him by law. Every person has a domicile, although persons may have multiple residences or no residence. The Nebraska Supreme Court in Dilsaver v. Pollard, 191 Neb. 241,214 N.W.2d 478, established that the definition of residence or domicile is the place where one's habitation is fixed without any present intention of removing therefrom. In the initial instance, a person to be elected as a Public Service Commissioner must have a residence or domicile, used interchangeably in this sense, in the district from which he is to be elected. Subsequent to his election he is not entitled to alter his domicile that is his legal residence. Under the statute, if such an event occurs, then the office becomes vacant. However, it is possible for an individual to have more than one residence pursuant to Dilsaver v.Pollard, supra. This is particularly true with respect to an elected official who is to perform duties at a location other than that in the district from which he was elected. Our Supreme Court in State ex rel. Brazda v. Marsh,141 Neb. 817, 5 N.W.2d 206 (1942), quoting from a Montana case stated:
 "`Under the Constitution and at common law, absence from one's voting residence resulting from acceptance of employment with state or federal government does not work a change of residence for purpose of holding office, when person involved does not so intend.'. . ."
The analysis utilized by the court was that in order to alter one's domicile there must cojoin an actual removal from the domicile with an intention not to return. Whereas a person elected from a district where the duties are to be performed in another area may remove his actual living abode to that other area but not intend to remove his domicile or residence from the district of his election.
This, of course, is in contradistinction to those cases which have held that county offices are vacant when county officers remove either from the county or from the district from which they were elected. Being a more contiguous geographic unit, such a distinction is entirely appropriate and is recognized in the cases as well as in our opinion.
You have also indicated in some of the materials furnished with your question that commissioners are required to perform some duties within the district of their election. We have carefully reviewed the statutes relating to the commission and find no such requirement. On the contrary, the duties of the commission are to be formed either at the headquarter's in Lincoln or at such other meeting locations as specified by the commission. The duties and responsibility of the commission are statewide and not local in nature.
Thus, although a commissioner is required to maintain a residence in the district from which he is elected, this requirement does not entail actual physical presence in that district. It is sufficient if the commissioner's domicile remains in the district from which he is elected and the commissioner does not intend to alter or change his legal domicile even though he may physically reside in some other area.
2. In the materials which you have furnished and in your question, we assume that you are asking whether or not Public Service Commissioners are entitled to reimbursement for each and every trip they may make from their residence, wherever it may be, to Lincoln, Nebraska or to some other hearing site established by the commission. This appears to be simply and straightforwardly travel to and from work. Generally, it may be stated that no employee of the State of Nebraska is entitled to be reimbursed for the expense of traveling from his residence to the headquarter city of the agency to which he is attached. This, of course, is also true of officers. Generally, employees or officers may choose to live wherever they wish within the State of Nebraska. Having made that choice, the expense of commuting to work will be a personal expense and not a public expense. As we have indicated, Public Service Commissioners are fully entitled to reside in Lincoln, Nebraska or in any other area of the state. The fact that they reside in a city different than that from which their duties are to be performed raise no right in their behalf to receive reimbursement for travel to and from those locations. In reaching this conclusion, certain facts should be considered. First, Public Service Commissioners are required to perform their duties full time. Section 75-101, R.R.S. 1943. They are also required not to hold any other state or federal office nor to engage in any other occupation.
Commissioners are paid an annual salary of $20,000. Sections 75-104, R.R.S 1943. Under that same section commissioners are entitled to receive:
 ". . . their actual necessary traveling expenses, which shall include the cost of transportation while traveling on the business of the commission, to be paid in the same manner as other claims against the state; Provided, that in computing the cost of transportation for commissioners, secretary, clerks, and other employees, no mileage or other traveling expense shall be claimed or allowed unless the provisions of section 84-306 to 84-306.05 are strictly complied with." (Emphasis added.)
Since the travel to which you have alluded in your question does not involve business of the commission but private choices made by commissioners, they are not entitled either under section 75-104 or under sections 84-306 to84-306.05 to be reimbursed for such mileage. An ordinary and necessary expense is one caused by the nature of the duties to be performed. Any job will require some sort of transportation expense from the residence of the individual to the location where the job is to be performed. Generally, that may be characterized as a private expense and not one that is job related. Each of these factors must be considered in arriving at the decision that the expense is personal in nature and not public: full time employment, the ability to choose a residence, the nature of the travel engaged in, and the fact that there are no Public Service Commission duties to be performed by law in the district from which commissioners are elected. Considering all of these factors, it is our opinion that normal travel between a residence in the district from which the commissioner is elected and Lincoln, Nebraska in not reimbursable.
3. In your final inquiry, you ask whether or not Public Service Commissioners are entitled to reimbursement while traveling on official business. It is clear that any time an employee of the State of Nebraska or an officer of the State of Nebraska is required by his duties to travel to conduct official business, that expense is reimbursable. See section 84-306.01, R.R.S. 1943. The question that must be determined is whether or not the travel is ordinarily and necessarily required in the performance of an official's duties. Once it is determined that such travel is required, then the travel is reimbursable. It is only where travel is engaged in for the benefit or at the desire of the individual without any job related duties that it becomes unreimbursable.